**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **MICHAEL KEVIN SANDERS** | § | |
| | § | |
| | § | |
| **V** | § | **CASE NO. 7:09-CV-066-O-KA** |
| | § | |
| | § | |
| **DIRECTOR TDCJ-CID** | § | |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Under the authority of 28 U.S.C. § 636(b) and Rules 8(b) and 10 of the Rules Governing Section 2254 Proceedings for the United States District Courts, this case was referred to the undersigned United States Magistrate Judge by Order of Reference (Docket No. 20) for hearing, if necessary, and proposed findings of fact and recommendation for disposition.

## Factual Background

On August 28, 2007 Plaintiff Sanders was convicted the 78th Judicial District Court of Wichita County, Texas on his plea of guilty to the offenses of capital murder and aggravated sexual assault and was sentenced to life imprisonment without parole.  Sanders did not directly appeal his convictions. On August 18, 2008 Sanders filed his state application for writ of habeas corpus collaterally attacking his conviction for capital murder and aggravated sexual assault. This state application was denied on April 1, 2009 by the Texas Criminal Court of Appeals without a written order on the findings of the trial court without a hearing. Sanders filed the instant federal petition on April 30, 2009 seeking habeas corpus relief in this Court  pursuant to 28 U.S.C. §2254.

### Petitioner's Alleged Grounds

By his application and subsequent written submissions**,** Sanders alleges the following grounds for relief:

1 .The trial court improperly refused him a hearing aid;

2. The trial court committed error by:
a. Denying him a hearing for new counsel;
b. Denying him a hearing for a hearing aid;
c. Only providing one-third of the funds needed to complete a mental health examination;

3. His guilty plea was made involuntarily because;
a. He could not hear the proceedings;
b. He was mentally impaired and not properly medicated;

4. He was denied effective assistance of trial counsel because his trial counsel:
a. Ignored his hearing impairment;
b. Failed to obtain a complete psychiatric evaluation;
c. Coerced his guilty plea by threatening him; and
d. Induced his guilty plea with the promise of gifts.[1]

### State Response

The State responds generally to Sanders' claims that the provisions of AEDPA bars consideration of many of them since they were raised by Sanders before the state courts in the post conviction proceeding and were expressly and reasonably determined by those courts adversely to Sanders.[2] As to Sanders' particularized claims, the State additionally asserts even if Sanders' first two claims relating to the denial of a hearing aid, hearing for new counsel, and only partial funding

---

[1]     Petition (Docket No.1) at 7-8 and Memorandum Brief (Docket No. 6).

[2]     Response (Docket No.14).

2

for a mental exam rose to Constitutional level, they were waived by his guilty plea.[3]  As to Sanders'

claims 4(a) that trial counsel ignored his hearing deficiency and 4(b) the trial counsel failed to secure

a complete psychiatric examination, the state claims they were waived by the entry of the guilty plea

since they did not affect the voluntariness of his plea.[4] As to Sanders' 4(c) and 4(d) claims, the state

asserts that the record in the trial court show that Sanders' allegations are false, that the trial court

on habeas found them false, and such findings were not unreasonable.  Finally, as to Sanders'

number 3 claims of lack of involuntariness and knowledge of his plea, the state counters that  these

claims were negated by the trial court record and were not unreasonably found to be "not credible"

by the state court.  Therefore under the AEDPA "highly deferential" standard, Sanders' petition

should be dismissed.

The State Court Record[5]

Sanders' state court application for habeas corpus relief[6] and accompanying memorandum[7]

contained essentially the same claims as his federal application.  He challenged the voluntariness

---

[3]     Citing Tollett v. Henderson, 411 U. S. 258, 267 (1973).

[4]     Citing Smith v. Estelle, 711 F. 2d 677, 682 (5th Cir. 1983) and Barrientos v.
United States, 668 F. 2d 838, 842 (5th Cir. 1982).

[5]     The state court record in its five parts and lacking sequential numbering contains
the record of proceedings before the trial court through judgment and sentencing and the
proceedings before the trial court and court of criminal appeals on Sanders' habeas corpus. Part 1
(pages 1-112) contains the record before the trial court through Sanders' plea (to be cited herein
as TR). Part 2 (pages 1-62) contains the state court habeas record( to be cited herein as HR). Part
3 (pages 1-3) contains the court of criminal appeals order on the habeas application (to be cited
herein as HO). Part 4 is a one page order for continuance dated 2-3-09. Part 5 is a one page order
of continuance dated 2-20-09.

[6]     HR. 2-13.

[7]     HR. 14-61.

3

of his guilty plea on the same grounds (ie. denial of hearing aid, failure to grant hearing on substitution of counsel, his lack of hearing and lack of mental competency, and ineffectiveness of his counsel). The application was reviewed by the Court of Criminal Appeals and then remanded on November 5, 2008 to the trial court for hearing.[8]  The trial court received the affidavits of Sanders' trial lead counsel, James Rasmussen,[9] and the prosecutor, Dobie Kosub,[10] and rendered his findings of fact.[11] Based upon the trial court's findings, the Court of Criminal Appeals denied Sanders' Application.[12]

## State Court Findings

The trial judge recognized that Sanders' hearing deficiency was an issue raised before him prior to the plea but found that Sanders' hearing was "sufficient to understand the guilty plea proceedings."[13]  Based upon the affidavits of Rasmussen and Kosub,  he further found that Sanders' hearing deficiency was "never a serious problem" in counsels' communications with Sanders. Furthermore, the transcript of the plea colloquy reflected that Sanders' understood the court's questions and answered them appropriately. Accordingly, he expressly found that Sanders' hearing deficiency did not interfere with his understanding of the plea proceedings and that Sanders'

---

[8]      HO. pp.1-3, HR Action Taken Notation 11-5-08.

[9]      TR. pp.104-111.

[10]     *Id*. at 102-103.

[11]     *Id.* at 96-101.

[12]     Unnumbered Lead-in page to HR.

[13]     TR. p. 96.

allegation of lack of understanding is not credible.[14] The trial judge's findings with respect to Sanders' hearing in relation to the competency of his attorney and his understanding of the plea proceeding and his participation and his plea were amply supported. Based upon trial counsel's affidavit outlining his efforts to document Sanders' mental status, the trial court found that Sanders' trial counsel had made adequate investigation of Sanders' competency before the plea. And based upon the mental examination provided by a court-paid licensed psychologist prior to the plea, the trial court expressly found Sanders' to have been competent at the time of the plea. This finding is likewise supported by the colloquy at the taking of the plea.[15] As for Sanders' allegations of improper inducements to Sanders' to forego trial and enter the guilty plea, crediting the affidavits of Rasmussen and Kosub, the trial court expressly found that no threats or inducements were made.[16] He further found that Sanders' allegations were false and belied by the record. Based on these findings the trial court recommended denial of the habeas relief.

<u>Review Standard</u>

AEDPA limits the power of federal courts to grant writs of habeas corpus to those instances in which the state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). Under AEDPA, clearly established federal law "refers to the holdings, as opposed to the

---

[14]     *Id*. at 97-98.

[15]     *Id*. at 34-40.

[16]     *Id*. at 99-100.

dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Terry Williams v. Taylor*, 529 U.S. 362, 412 (2000). We review questions of law and mixed questions of law and fact under the "contrary to" and "unreasonable application" prong of 28 U.S.C. § 2254(d). *See Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.2000); *Nobles v. Johnson*, 127 F.3d 409, 415 (5th Cir.1997). Section 2254(d)'s deference operates when the state court has adjudicated the petitioner's claim on the merits. *See* 28 U.S.C. § 2254(d). An "adjudication on the merits" occurs when the state court resolves the case on substantive grounds, rather than procedural grounds. *See Mercadel v. Cain*, 179 F.3d 271, 273 (5th Cir.1999) (holding that whether an adjudication on the merits has occurred is whether the state court disposed of the case on substantive or procedural grounds); *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir.1999) (finding that where a state habeas court decided the habeas applicant's claim on procedural grounds, there had not been an "adjudication on the merits"). Finally, AEDPA requires the court to presume state court findings of fact to be correct unless the petitioner rebuts that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact. *See*, e.g., *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983) (applying presumption of correctness to implicit finding against the defendant's credibility, where that finding was necessarily part of the court's rejection of the defendant's claim); *LaVallee v. Delle Rose*, 410 U.S. 690, 695 (1973) (same); *see* also *Goodwin v. Johnson*, 132 F.3d 162, 183-84 (5th Cir.1998) (findings of fact can be implied from explicit conclusions of law).

<u>Adequate Support for Findings</u>

Not only are the express findings of the trial court entitled to deference, I find that the affidavits of Rasmussen and Kosub, together with the record of the plea proceedings fully support the trial court's habeas findings.  Rasmussen's averments were uncontradicted in their particulars by Sanders' claims, which tended to make broad and general allegations unsupported by any other evidence.  Both Kosub's and Rasmussen's affidavits deny that any threat was made concerning proceedings against Sanders' wife.  Apart from Sanders' bald claim, there is no other support for this claim. There is no evidentiary support whatsoever for Sanders' claims that counsel's offers of transportation for attendance of family members or to fill a glasses prescription were made or relied upon as an inducement for Sanders' plea.  Indeed, the plea colloquy and plea papers expressly negate any such inducing intent or effect. In short, Sanders has wholly failed to show that the advise or assistance he received from his trial counsel during the course of their representation and concerning his guilty plea was not "within the range of competence demanded of attorneys in criminal cases." *Tollett v, Henderson*, *supra* Note 3, at p.267 quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *Smith v. Estelle*, 711 F. 2d 677, 682 (5th Cir. 1983).

<u>Motions to File Evidence and for Hearing</u>

Plaintiff Sanders has filed a Motion for Hearing (Docket No. 18) and  Motion to Introduce Additional Exhibits into the Record (Docket No. 19).   The additional exhibits consisting of additional hearing test results and reports and a prison pass relate to Sander's hearing deficiency. Accordingly, the motion is GRANTED and the tendered exhibits shall be made a part of the record in this case and have been considered by the undersigned. However, I find that the exhibits are cumulative of the evidence existing before the state trial court as to the existence and effect of

Sanders' hearing deficiency which was adequately addressed by the trial court both prior and at Sander's plea and on his habeas proceeding.

By his Motion for Hearing,  Plaintiff asserts that he is entitled to a plenary hearing before this court under *Townsend v. Sain*, 372 U. S. 293 (1963) because there matters of factual dispute that were not resolved in the state court habeas proceeding.  Accordingly, Sanders asserts that he must have a plenary hearing to meet his burden of proof on the merits of a factual dispute, and, commensurately, he needs the discovery tools to develop his proof. He fails, however, to identify any factual matters that are in dispute that have not been determined by the state court in the state habeas proceeding.  I find that there are no disputed factual matters alleged by Sanders that were not fully and adequately determined in his state habeas corpus proceeding.  To the extent that Sanders asserts that he did not receive an adequate "hearing" before the state court, this argument is precluded by the Fifth Circuit's holding in *Valdez v. Cockrell*, 274 F. 3d 941 (2001). Accordingly, his motion is DENIED.

<u>Recommendation</u>

Based upon the foregoing, I recommend to the District Court that Michael Kevin Sanders' Petition be in all things DENIED.

It is so ORDERED, this 24nd day of May, 2012.


Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

<u>Standard Instruction to Litigants</u>

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).